UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FABIAN WILLIAMS,

        Petitioner,

                                                              **MEMORANDUM and ORDER**
                                                              On § 2250 Application (doc. #11)
                                                              04-cv-04507 (DRH) (ARL)

    -against-

GRAY GREENE, Superintendent,
Great Meadow Correctional,

        Respondent.
-------------------------------------------------------x

**APPEARANCES:**

*For the Plaintiff:*
Fabian Williams, *Pro Se*
Reg. No 00-A-6829
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821


**HURLEY, Senior District Judge:**

        Petitioner Fabian Williams ("Petitioner") moves pursuant to 28 U.S.C. § 2250 to be furnished with a copy, without cost, of the state court's trial transcripts. For the reasons set forth below, the Application is GRANTED.

### I. BACKGROUND

        On February 29, 2000, Petitioner was tried and convicted in the District Court, Nassau County, on charges of First Degree Sodomy, N.Y. Penal Law § 130.50(1), and of Sexual Abuse in the First Degree, N.Y. Penal Law § 130.65(1). Petitioner was sentenced to twenty-five years on the sodomy conviction and to seven years on the sexual

abuse conviction, to run concurrently with the sodomy sentence. In 2003, the New York State Appellate Division, Second Department, affirmed Petitioner's conviction. *See People v. Williams*, 756 N.Y.S.2d 236 (N.Y. App. Div., 2d Dep't 2003). Following his sentencing, the Petitioner moved this Court for habeas corpus relief. In furtherance of his habeas corpus application, Petitioner makes the current § 2250 request.

On April 4, 2005, Petitioner made an initial application pursuant to 28 U.S.C. § 2250 for copies of the state court trial transcripts; that application was denied. (*See Williams v. Greene*, No. 04-cv-4507, Order (E.D.N.Y. Apr. 4, 2005).) Thereafter, Petitioner tried to obtain copies of the requested transcripts from the State to no avail; further, neither trial counsel nor appellate counsel would provide Petitioner with a copy of the trial or sentencing minutes.

This is Petitioner's second request for copies of the trial transcripts, styled as a Motion to Compel. (*See* Pet.'s Mot. Compel (filed Nov. 8, 2006) (doc. #11).) Respondent did not file a response to Petitioner's November 2006 request. In August 2007, Petitioner sent the Court a letter inquiring about the status of his application. (*See* letter from Fabian Williams, Pet., to Hon. Denis R. Hurley, U.S. Dist. Ct., E.D.N.Y. (filed Aug. 14, 2007) (doc. #12).) A review of the docket shows no response to Petitioner's August 2007 letter has been received from Respondent.

## II. PETITIONER'S § 2250 APPLICATION

Petitioner raises several arguments in support of his current § 2250 Application. First, Petitioner argues that in order for him to intelligently respond to Respondent's opposition to his underlying petition for habeas corpus, and support his own reply, he needs use of the requested documents. Second, Petitioner claims that he

cannot properly and intelligently research the law and support his arguments in opposition to Respondent's arguments without the use of the trial transcripts. Petitioner provides detailed examples of Respondent's substantial citation to the state trial transcripts.

### III. DISCUSSION

#### (A.) 28 U.S.C. § 2250 and the *Nunez* Case

Relying on *Nunez v. United States.*, 892 F. Supp. 528 (S.D.N.Y. 1995), this Court initially denied Petitioner's application for free transcripts. Upon review of Petitioner's Affirmation in support of his Motion to Compel, however, the Court finds *Nunez* inapplicable in this instance.

In *Nunez*, the petitioner was moving to correct a sentence based on alleged ineffective assistance of counsel. In that vein, Nunez sought free copies of the sentencing transcript pursuant to 28 U.S.C. § 2250. Section 2250, entitled "Indigent petitioner entitled to documents without cost," reads:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

*See Nunez*, 892 F. Supp. at 531 (quoting 28 U.S.C. § 2250).

The *Nunez* court denied the petitioner's motion for free transcripts for two reasons. First, a petitioner is entitled to free transcripts only if "an order has been made permitting the petitioner to prosecute the application in forma pauperis;" no such order had been entered in Nunez's case. *Id.* Second, the court found Nunez failed to

demonstrate any need for the transcripts. In his underlying § 2255 application, Nunez raised an ineffective-assistance-of-counsel argument; in particular, Nunez claimed his trial counsel failed to inform him of the Government's plea offer. *Id.* However, because this alleged offer was made outside of the courthouse, the transcripts would not have captured this exchange, making the transcripts irrelevant to Nunez's ineffective assistance claim. *Id.* Therefore, the court found that Nunez was not entitled to the free transcripts.

### (B.) The Instant Case

Petitioner's case is different from the *Nunez* case. First, an order has been entered in this case permitting the Petitioner to proceed in forma pauperis as to the underlying writ for habeas corpus. Second, here, Petitioner has demonstrated a sufficient need for the transcripts. Petitioner argues that in order to intelligently respond to Respondent's opposition to the underlying writ for habeas corpus, with such opposition containing numerous citations to the trial transcripts, Petitioner needs access to those transcripts. An examination of Respondent's Opposition shows that Respondent has, indeed, cited extensively to the transcripts. Therefore, Petitioner has made a sufficient showing that he has a legitimate need for the requested transcripts to help him effectively respond to the Respondent's opposition. The transcripts may very well prove to be relevant to Petitioner's claims.[1]

### (C.) This Order is Subject to N.Y. Civ. Rights Law § 50-b

Section 50-b of New York State's Civil Rights Law, entitled "Right of

---

[1] The Court will permit Petitioner the opportunity to respond to Respondent's opposition before it rules on the merits of the writ of habeas corpus.

privacy; victims of sex offenses or offenses involving the transmission of the human immunodeficiency virus," prohibits revealing the identity of any victim of certain sex offense, including those offenses upon which Petitioner has been convicted. Therefore, "[n]o report, paper picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection." N.Y. Civ. Rights Law § 50-b(1). However, there are certain instances when court files or other documents–such as the requested transcripts–may be disclosed to certain parties. *See id.* at § 50–b(2). Subdivision (2)(1) of § 50-b allows disclosure of materials to, *inter alia*, "any person charged with the commission of an offense . . . against the same victim."

In filing his opposition to Petitioner's writ of habeas corpus, Respondent, in compliance with an order of this Court, (*See Williams v. Greene*, No. 04-cv-4507, Order to Show Cause (E.D.N.Y. oct. 25, 2004) (doc. #3)), filed the subject state court trial transcripts, noting that said transcripts are subject to N.Y. Civ. Rights Law § 50-b(1). Recognizing this limitation, the Court notes that as the person who was charged with a relevant sex crime, Petitioner is entitled to the disclosure of the transcripts. The Court further notes, though, that § 50-b also authorizes the limitation of disclosure; specifically, subdivision (3) of the statute states:

> The court having jurisdiction over the alleged offense may order any restrictions upon disclosure authorized in subdivision two of this section, as it deems necessary and proper to preserve the confidentiality of the identity of the victim

Since jurisdiction now lies with this Court, as Petitioner challenges his state court conviction and sentence under the federal habeas corpus statute, this Court

5

shall restrict Petitioner's disclosure of the transcripts to ensure the privacy of the victim of his crime.

### IV. CONCLUSION

For the foregoing reasons, Petitioner Williams' § 2250 Application is GRANTED. He shall be supplied with a copy of the trial transcripts. However, IT IS FURTHER ORDERED, pursuant to N.Y. Civ. Rights Law §50-b, **Petitioner shall not show, reveal, share, or in any manner, disclose said trial transcripts to any other person**[2] except upon express written permission of this Court, such permission having been secured in advance. And, IT IS FURTHER ORDERED that said transcripts shall be returned to the Court with Petitioner's response to Respondent's opposition, which response is due 45 days from the date of this Order.

**SO ORDERED**.

Dated: Central Islip, N.Y.
       September 13, 2007

                                      /s/
                                      Denis R. Hurley,
                                      United States Senior District Judge

---

[2] Since Petitioner is proceeding *pro se*, there is no counsel with whom he is entitled to disclose the trial transcripts. *See* N.Y. Civ. Rights Law § 50-b(2)(a) (instructing disclosure of protected materials may be made to the counsel or guardian of the person charged with the commission of one of the identified offenses).